UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUBPOENA TO TANDEM DIABETES CARE, INC. in the matter of<br><br>INSULET CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BASIL ALI MOHAMMED SAMARA,<br><br>Defendant. | Case No.:  26-CV-02479-AGS-BJW<br><br>**ORDER GRANTING IN PART INSULET'S MOTION TO COMPEL**<br><br>[ECF No. 1] |

This matter is before the Court on Insulet Corporation's motion to enforce an out-of-district subpoena that it served on Tandem Diabetes Care, Inc. ECF No. 1. The underlying case is *Insulet Corporation v. Basil Ali Mohammed Samara*, 25-CV-03277-KKM-LSG, pending in the Middle District of Florida. This Court held an informal discovery conference on this matter on April 24, 2026. *See* ECF No. 13. At the end of that conference, the Court ordered the parties to submit letter briefs and set a follow-up informal discovery conference for May 5, 2026. *Id.*; *see also* ECF No. 19-4 at 2–7

1

(Tandem's Letter Brief); ECF No. 21-2 at 2–6 (Insulet's Letter Brief). The Court provided a tentative order on May 5, 2026. *See* ECF No. 15. The parties did not unanimously accept the Court's tentative ruling, and the Court set a briefing schedule. *See* ECF No. 18. Having considered the briefs, letter briefs, and oral arguments of the parties, the Court now **GRANTS IN PART** Insulet's motion to enforce its out-of-district subpoena.

## BACKGROUND

Insulet brought the underlying case in the Middle District of Florida against its former employee, Basil Ali Mohammed Samara, to seek relief following Mr. Samara's alleged breach of "Confidentiality, Non-Solicit, Non-Compete, and IP Assignment Agreement[s]" through his employment at Tandem, after his departure from Insulet. ECF No. 1-5 (underlying Am. Compl.) at 19–25; ECF No. 1-20 at 6–8. In that case, Magistrate Judge Lindsay S. Griffin granted Insulet's motion for leave to serve expedited third-party discovery on January 15, 2026. ECF No. 42, *Insulet Corp. v. Samara*, 25-CV-03277-KKM-LSG (M.D. Fla.). Judge Griffin explained, "The plaintiff demonstrates good cause for serving the subpoenas at Doc. 31-1 [Insulet's subpoena to Tandem at issue] and 31-2 before the parties' Rule 26(f) conference based on the threat of irreparable harm and the need for the discovery[.]" *Id.* Insulet served its third-party subpoena on Tandem and moved to compel compliance in this district with respect to 12 requests—it has since narrowed the motion to six requests—that Tandem objected to in whole or in part.[1] *See* ECF No. 1-20 at 21 n.8; ECF No. 21 at 4. The following RFPs remain at issue:

1) *Request No. 1 All documents in Tandem's possession, custody or control originating from Mr. Samara.*

2) *Request No. 2 All documents in Tandem's possession bearing a label, file name, logo, or watermark including "Insulet*

---

[1] In its motion, Insulet referred to "13 [r]equests" in the subpoena that remained in dispute but listed only 12 specific requests for which it sought to compel responses: "Request Nos. 1- 3, 6, and 9-16[.]" *See* ECF No. 1-20 at 21 n.8.

*confidential" or otherwise indicating it is an Insulet-generated document.*

3) *Request No. 3 All communications between Mr. Samara and Tandem regarding Insulet.*

4) *Request No. 9 All documents and communications reflecting any work product Mr. Samara has produced at Tandem.*

5) *Request No. 13 Documents and communications of which Mr. Samara was or is a custodian relating to pharmacy distribution, pharmacy fulfillment, pharmacy operations, pharmacy sales, ASPN, or patient access programs.*

6) *Request No. 15 Communications between Tandem personnel or agents or representatives of Tandem and Mr. Samara or representatives of Mr. Samara, concerning pharmacy sales, ASPN, Insulet, or this litigation.*

ECF No. 21 at 4; ECF No. 1-18 at 18–21.

Tandem objects to these requests on the basis that they (1) constitute a fishing expedition to develop future claims against Tandem, (2) are overbroad and unduly burdensome, (3) seek documents that could be obtained from Mr. Samara, and (4) seek discovery on underlying claims and issues that are improper under California public policy. ECF No. 19 at 10–20; ECF No. 19-4 at 2–6.

Insulet addresses each of these arguments and has significantly narrowed its requests at issue, withdrawing certain requests and amending others after meeting and conferring with Tandem. *See* ECF No. 21 at 4–5 (requesting the Court compel responses for six fewer RFPs than its original motion); ECF No. 1-20 at 21 n.8.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a)(1) permits a party to subpoena a nonparty for documents in its possession, custody, or control. *Roe v. City of San Diego*, No. 12-CV-0243-W-WVG, 2013 WL 12415915, at *2 (S.D. Cal. Sept. 27, 2013). Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is

26-CV-02479-AGS-BJW

relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17-CV-1943-LAB-LL, 2019 WL 581715, at *3 (S.D. Cal. Feb. 13, 2019). "District courts have broad discretion in determining relevancy for discovery purposes." *Am. Claims Mgmt., Inc. v. Allied World Surplus Lines Ins. Co.*, No. 18-CV-925 JLS-MDD, 2020 WL 3446345, at *2 (S.D. Cal. June 24, 2020) (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). The resisting party "has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining and supporting its objections." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

As an initial matter, this Court has jurisdiction to enforce the subpoena at issue. After serving a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(ii); *see also Youngevity Int'l, Corp. v. Smith*, No. 16-CV-704 BTM-JLB, 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017). Insulet's subpoena to Tandem requires compliance in this district, and Tandem does not dispute that this Court is proper for determination of whether to require compliance. ECF No. 1-18 at 2, 23; *see* ECF No. 19 at 13 ("Tandem is a California-headquartered company; the compliance court sits in California[.]").

### A. Relevance of the Requested Documents

Insulet has met its threshold burden to show that the documents sought by this subpoena are relevant under Rule 26(b). Insulet alleges that Mr. Samara was an "integral member of the team leading [the] effort" that developed Insulet's pharmacy sales channel. ECF No. 1-20 at 10. And through that role Mr. Samara "had access to Insulet's most confidential leadership discussions[.]" *Id.* at 11. Insulet brought suit against Mr.

Samara alleging he breached "contractual non-disclosure and non-compete obligations owed to [Insulet]" through his work at Tandem. ECF No. 1-5 (Am. Compl.) at 2–3.  The complaint states (1) a claim for "Breach of the Protective Covenant" and (2) a claim for "Breach of the Confidentiality Provisions." *Id.* at 19–22.  For requested discovery to be relevant, it must relate to a claim at issue. Fed. R. Civ. P. 26(b)(2); *Am. Claims Mgmt., Inc.*, 2020 WL 3446345, at \*2; *see also Pizzuto v. Tewalt*, 136 F.4th 855, 858 (9th Cir. 2025) (acknowledging and explaining the 2015 change to discovery relevance under Rule 26).

The document requests at issue appear tailored to seek information related to Mr. Samara's alleged breach or to determine the extent of such breach. In summary, the requests seek documents (1) originating from Mr. Samara, (2) originating from Insulet, (3) containing communications between Mr. Samara and Tandem regarding Insulet, (4) reflecting Mr. Samara's work product, (5) relating to Mr. Samara's purported expertise and for which he is a custodian, and (6) containing communications between Tandem personnel or representatives of Mr. Samara concerning Mr. Samara's purported expertise or the underlying case in the Middle District of Florida. *See* ECF No. 21 at 4; ECF No. 1-18 at 18–21. The Court finds these requests to seek, at a minimum, documents directly related to Insulet's claims for Mr. Samara's alleged breach of agreements through his employment at Tandem. *See* ECF No. 1-5 (underlying Am. Compl.) at 19–25; ECF No. 1-20 at 6–8.

Because Insulet has established the relevance of its requests, Tandem has the burden to show the discovery should be prohibited. *See Dos Amigos, Inc.*, 2019 WL 581715, at \*3. Tandem first argues that Insulet's requests constitute an improper fishing expedition designed to develop future claims against Tandem. ECF No. 19 at 10–13. In making this argument, Tandem quotes *Rivera v. NIBCO, Inc.*: "District courts need not condone the use of discovery to engage in fishing expeditions." 364 F.3d 1057, 1072 (9th Cir. 2004) (cleaned up). That point is inapposite. The Ninth Circuit made that statement in the context of finding that employers should be prevented from using discovery as a

tool to search for potential new defenses that could limit their liability from Title VII plaintiffs. *See id.* While it may be possible that Tandem faces risk of future liability for a "not-yet-pled tortious interference theory[,]" as it argues, neither case law nor the Federal Rules of Civil Procedure provide that a party should be prohibited from obtaining discovery relevant to its claims because of a nonparty's claimed risk of liability for possible claims against it. ECF No. 19 at 11. The Court is not persuaded that relevant discovery should be prohibited here for this reason.

## B. The Breadth and Burden of the Discovery Sought

Tandem objects on the basis that the requests are overbroad. ECF No. 19 at 14–17. The Court finds the disputed requests sufficiently limited to documents related to Insulet's claims. Specifically, the requests are tailored to either a sufficiently narrow, related topic (e.g., "Request No. 13[:] Documents and communications of which Mr. Samara was or is a custodian relating to pharmacy distribution . . . or patient access programs.") or to communications between individuals or entities related to the claims (e.g., "Request No. 3[:] All communications between Mr. Samara and Tandem regarding Insulet."). ECF No. 1-18 at 18–21. Moreover, the requests at issue are necessarily time limited. Mr. Samara left Insulet on July 11, 2025. ECF No. 1-20 at 6; ECF No. 1-9 at 5. Although Insulet confirmed that Mr. Samara had communicated with a Tandem employee throughout his final six months of employment at Insulet, it could not determine the date that Mr. Samara's employment at Tandem began. *See* ECF No. 1-20 at 13–15. According to Mr. Samara, Tandem then terminated him on December 10, 2025. ECF No. 1-15 at 2; ECF No. 1-20 at 15. Therefore, Mr. Samara's employment at Tandem lasted for, at most, a period of approximately five months—July 12, 2025, to December 10, 2025. Even assuming some responsive documents or communications exist from before or after Mr. Samara's employment, the length of his employment seems to meaningfully limit the time in which responsive documents could have been created, and thus, the breadth of the requests. *Cf. Healy v. Milliman, Inc.*, No. C20-1473-JCC, 2021

6

WL 1946223, at *4 (W.D. Wash. May 14, 2021) (finding RFPs that were relevant to be overbroad because they were not time-limited).

Tandem also objects that the requests are unduly burdensome. ECF No. 19 at 18–20. It claims that "Tandem stands to incur in excess of $800,000 in *additional* fees and costs[]" responding to Insulet's requests. *Id.* at 21 (emphasis in original). Insulet counters that "[e]ven using Tandem's estimates for the same hours and levels of additional review for a universe of 60,000—even though, as noted above, those estimates are likely higher than realistic—the cost of review should be less than $150,000." ECF No. 21 at 10.

"Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant." *Bolivar v. Netradyne, Inc.*, No. 3:25-CV-1722-RBM-KSC, 2026 WL 406039, at *8 (S.D. Cal. Feb. 12, 2026) (quoting *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)). Tandem may, after producing responsive documents, submit to this Court documents detailing the cost of its efforts for evaluation by the Court for cost shifting.

Further, even if the party resisting discovery shows that Electronically Stored Information (ESI) is "not reasonably accessible because of undue burden or cost, . . . the court may nonetheless order discovery from such sources if the requesting party shows good cause[.]" Fed. R. Civ. P. 26(b)(2)(B); *Kilbourne v. Coca-Cola Co.*, No. 14-CV-0984-MMA-BGS, 2015 WL 10943827, at *4 (S.D. Cal. Apr. 24, 2015). Insulet argues that "[s]ince Mr. Samara has been terminated, he no longer has access to his Tandem accounts and is therefore unable to provide the requested information necessary to resolve a critical issue at the heart of this case." ECF No. 1-20 at 24; *see* ECF No. 21 at 7–8. Thus, it avers that "non-party discovery from Tandem is therefore necessary as the only route[.]" *Id.* Tandem asserts that the documents Insulet seeks are available from Mr. Samara, but it offers no explanation as to how that could be so given that he presumably lost access to his work accounts upon his termination.. *See* ECF No. 19 at 17–18. The Court finds that even if Tandem's compliance requires a significant expense, Insulet has shown good cause to warrant enforcing Tandem's compliance.

26-CV-02479-AGS-BJW

## C. California Public Policy

Last, Tandem claims the requests seek discovery on underlying claims and issues that are improper under California public policy against enforcing noncompete agreements. ECF No. 19 at 21. As Insulet correctly argues, this Court is merely tasked with determining whether to enforce a nonparty subpoena, not whether to enforce a noncompete agreement. The authority governing this determination is Federal Rules of Civil Procedure 26 and 45. See, e.g., *Arjun Vasan v. Checkmate.com Inc.*, No. 25-CV-00765-MEMF-ASX, 2025 WL 4227218, at *6 (C.D. Cal. Dec. 1, 2025) (enforcing in part a nonparty subpoena for an out-of-district case that had an underlying claim breach of a noncompete). The Court is not persuaded by Tandem's public policy argument.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Insulet's motion with respect to the six requests that remain in dispute and **ORDERS** Tandem to produce documents responsive to Insulet's Requests for Production 1–3, 9, 13, and 15 within 30 days of this Order. The Court **DENIES AS MOOT** Insulet's motion as to Requests 6, 10–12, 14, and 16, because it no longer moves to compel responses to those requests.

If Tandem seeks to shift the costs of compliance, it may file a motion to shift the costs incurred, after producing responsive documents. Any such motion must include sufficient detail for the Court to determine whether Tandem's expenses were reasonable and warrant cost-shifting.

**IT IS SO ORDERED.**

Dated: June 12, 2026.

Hon. Brian J. White
United States Magistrate Judge